UNITED STATES DISTRICT COURT
Southern DISTRICT OF California

FILED
JUN 3 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFC
BY                           DE

Petitioner
Howard Adler Truss
Benjamin Adler

v.

The United States and
Internal Revenue Service

Respondent(s)

CA# 16 CV 1354 BTM JMA

Petition to Quash Summons

1. This is an action under the Special Procedures for Third Party Summons Act, 26 USC §7609, to halt the above-named third-party record keeper from revealing Petitioner's private records to the Internal Revenue Service, and to quash the summons.

2. This court has jurisdiction over this action pursuant to 26 USC 7609 (h), 28 USC §1331, §1340, §1346, and the First, Fourth, Fifth, Ninth and Tenth Amendments to the US Constitution.

3. Petitioner is a citizen of the United States or the state in which he resides and entitled to the protection of its laws. Respondent third-party record keeper is a resident of or is found in this district.

4. According to law, Petitioner, a person entitled to Notice of the Summons under IRC 7609(a), has the right to begin these proceedings to quash such summons not later than the 20th day after the day such notice is given, and should mail within 20 days from the date of Notice at the address shown on the summons by registered or certified mail a copy of this petition to (A) the third-party record keeper who received the summons, and (B) to the IRS Officer before whom the summoned person is to appear at the address shown on the summons.
   The records sought by the summons relate to the Petitioner and are his personal records.
   This Court should quash said summons, for the following reasons:

A. The IRS has classified Petitioner as a "Tax Protester," has abandoned in an institutional sense the pursuit a civil tax determination or collections purpose and has made an institutional commitment to make a referral to the Department of Justice for prosecution as it would merely like to gather evidence to aid a prosecution. US v. LaSalle Nat. Bank, 437 US 46 248, 98 S Ct 2357 (1978).

B. The Service, having abandoned the pursuit of Petitioner's civil tax liability, is attempting to use the summons for the impermissible purpose of gathering evidence solely for a criminal investigation, and is attempting to circumnavigate the traditional role of the grand jury as the principal tool of criminal investigation in our society, US v. LaSalle, supra.

C. The IRS has made a formal recommendation to the Department of Justice for prosecution of Petitioner or has made an informal determination and withheld the formal recommendation in order to use this civil process to circumnavigate the decision of the Federal Courts.

The IRS has made a preliminary investigation into Petitioner's financial condition since it has access to a tremendous amount of financial data on taxpayer and has thusly abandoned any hope of making any civil collection in this case, but is delaying in submitting a formal recommendation to Justice in order to gather additional evidence, to expand its criminal discovery rights, and to serve as an information gathering agency for the prosecuting attorney.

D. The summons itself indicates that this is a criminal investigation as much of the information sought has no bearing on a civil investigation but is that generally exclusively used for criminal prosecution. The Court should examine each type of document requested for a civil purpose. The Court, in examining each and every summons and all parts thereof, will discover that not all of the information sought contributes in some way to a civil inquiry.

Even if the Court could discover a general civil purpose for the tax investigation, this would not terminate judicial inquiry into whether the summons (or parts thereof) issued during investigation exceeded the services' authority. The Court must focus on the purposes of each individual summons (or parts thereof) and not on the purpose of the investigation as a whole. If any one of many summons or parts thereof were issued solely for a criminal investigation, that particular summons should be suppressed, even in the face of an overwhelmingly civil purpose of the investigation as a whole. The IRS simply would lack statutory authority to issue that particular summons. US V. Genser, 595 F 2d 146 (NJ 1979).

The Service only has the authority granted to it by congress. The Congress has given the IRS administrative summons powers in IRC §7603 and §7604 to be used only in civil cases and has not yet given this administrative agency mandatory criminal investigatory powers. Therefore, the IRS simply does not have the authority to summons those particular third-party records that would be used only in criminal prosecutions.

E. The information in the possession of the Respondent third*party is of a private nature and was not intended to be given to parties not authorized by Petitioner. Furnishing such personal and private information about Petitioner to the IRS or any other governmental body without Petitioner's consent is a violation of his person, his privacy, his Constitutional rights, and his natural rights, which must be protected by the government.

F. The IRS summons are not issued in good faith as the information sought by the individual summons is too broad, too sweeping in detail, to be used by the IRS only to prove the actual existence of a valid civil tax determination or for a collection purpose. Actually, some of the items sought by the summons are only needed by the Justice Department to aid in a criminal prosecution.

G. The IRS has failed to meet the procedural requirement of the summons authority, including the required provisions of 26 USC §7602, §7603, §7609, etc. The summons is patently defective on its face, filled out incorrectly by an unauthorized person, served incorrectly for an improper purpose, and violated the notice and hearing requirements.

The agents have failed to comply with the mandatory procedures in IRS 7605 (c), have not secured the proper authorization nor given proper notice.

H. The summons was not issued in good faith, not conducted pursuant to a legitimate purpose, not relevant to any lawful purpose. The information is already within the commissioner's possession; the required administrative steps have not been followed. The summons is an abuse of the administrative process and issued for the improper purpose of harassing and pressuring the Petitioner. US V. Powell, 379 US 78, 85 S Ct 248 (1964).

I. IRS Manual Supplement 9G-93, the procedural guideline for prosecuting those persons classified by said agency as "tax protesters," removes any room for discretion on the part of the individual agents assigned to the case. MS 9G-93, IRM 9383.6 and other IRS procedures on persons similarly labeled as Petitioner, set forth a policy whereby the cases are totally criminal *ab initio,* to the extent that individual agents and the Service itself have no discretion or authority to compromise whatsoever in these cases. This manual is, by itself, the institutional commitment to prosecute.

5. The government alleges that one refuting the summons bears the burden of disproving the actual existence of a valid civil tax determination or collections purpose.

To meet said burden, Petitioner needs adequate pre-hearing discovery. Petitioner, given sufficient discovery, can prove:

    A. No further existence of a continuing civil purpose;
    B. A pre-existing institutional commitment to prosecute;
    C. The failure of the summons to advance a civil purpose;
    D. Improper purpose, political harassment, etc.

6. In his affidavit and Summary of Authorities, to be filed henceforth, Petitioner will enumerate actions of the government which will indicate, assuming actions speak louder than words, the true nature of this investigation, and the attempt of the two agencies to circumnavigate the traditional role of the grand jury and the other Constitutional protections of the Petitioner as guaranteed in the Bill of Rights.

The Tax Equity and Fiscal Responsibility Act of 1982, which contains the provision under which this Act was passed, provided taxpayers the right to petition to quash the summons. Obviously, the Congress meant for the suit to be meaningful, with adequate pre-hearing discovery, plus a real evidentiary hearing with government witnesses testifying under oath.

7. IRC §7603 provides that the summons be "attested," and this is mandatory. The IRS summons in this case is not attested or not attested properly, because, *inter alia,* it is not notarized nor worded properly.

8. In the Alternative, should this Court not quash the summons, Petitioner requests that the Court provide in its order that the IRS/DOJ not be allowed to use information gathered by the summons in a criminal case. The Government would not object to this provision in the final order because they have stated all along that this civil summons will be used strictly for a civil tax liability case.

9. The IRS third-party summons are attached or will be provided to this court.

10. Petitioner incorporates herein by reference his affidavit, memorandum of law and supplemental motions to be hereafter filed.

11.

**Wherefore,** Petitioner requests that the court quash the IRS summons directed to third-party record keepers, and award to the Petitioner his costs, fees and other just relief.

Date: 06/02/16

Petitioner, Pro se

Address: P.O. Box 15352
San Diego, CA 92175